**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| SAMUEL ALLEN STRONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV533 |
| | ) | 1:02CR51-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Samuel Allen Strong, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury found Petitioner guilty of bank robbery, armed bank robbery, and carry and use of a firearm during a crime of violence. (Docket nos. 1, 55 (criminal case)) The court sentenced him to 174 months in prison. (Id. docket no. 72) Petitioner appealed, but the Fourth Circuit affirmed his sentence. (Id. docket no. 89) The Supreme Court denied certiorari on December 1, 2003. (Id. docket no. 93)

Petitioner then filed the present motion to vacate sentence. (Docket no. 1)[1] An earlier section 2255 motion dated March 18, 2005, was dismissed without prejudice to his filing the present motion. (No. 1:05CV382, docket no. 3) Petitioner contends that his due process rights were violated because the jury did not determine facts beyond a reasonable doubt which affected his sentence. (Docket

_____

[1] This and further citations to the record will be to the civil case unless otherwise noted.

no. 1, attached memo. at 16) He relies upon <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Respondent has moved to dismiss Petitioner's motion because it is barred by the statute of limitation. (Docket no. 3) Petitioner has responded to that motion to dismiss. (Docket no. 5) The matter is now ready for ruling.

## **DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. <u>See</u> Fed. R. App. P. 4(b); <u>Clay v. United States</u>, 537 U.S. 522 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999).

expiration of the time for seeking such review.  Clay, 537 U.S. 522.  A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals.  Sup. Ct. R. 13(1).

Petitioner's judgment became final when the Supreme Court denied certiorari on December 1, 2003.  Clay, 537 U.S. 522.  Under subsection one of section 2255 he had until December 1, 2004, to file his section 2255 motion.  His first defective motion dated March 18, 2005, which would be the earliest he could have given it to prison officials for mailing, was therefore not timely under this subsection.  The motion presently under consideration was dated May 20, 2005, and is not timely either.

Only if some other subsection gives Petitioner more time to file his motion would it be timely.  Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion, and there is no allegation or showing of such a governmental action.  Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences.  See Booker, 125 S.Ct. 738; Blakely, 542 U.S. 296. The Supreme Court has now decided that the reasoning of Blakely does apply to the

federal sentencing guidelines, but this decision is not retroactively applicable in collateral proceedings such as this case. See Booker, 125 S.Ct. at769 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348 (2004) (Ring and a fortiori Apprendi do not apply retroactively on habeas review). Therefore, the Blakely line of cases does not extend Petitioner's limitation period, and subsection three does not apply.[3]

Subsection four allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Petitioner does not contend that he could not have discovered the facts underlying his claims by the time his conviction became final, and the court finds that he could have found these facts. Therefore, subsection four does not give him a longer limitation period.

Petitioner's motion is not timely under any subsection of section 2255, and it should be dismissed.

---

[3] Contrary to Petitioner's argument, Dodd v. United States, 125 S.Ct. 2478 (2005), which held that if a case is retroactively applicable the one-year time period runs from the date the Court initially recognized the right at issue, does not help his cause because the cases he relies upon are not retroactively applicable.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 3) be **GRANTED**, and that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.

October 11, 2005